

# Fourth Court of Appeals
## San Antonio, Texas

July 1, 2015

No. 04-15-00380-CR

Joshua Allen **SCHOPPMAN**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR0691
Honorable Mary D. Roman, Judge Presiding

# O R D E R

Joshua Allen Schoppman entered into a plea bargain with the State, pursuant to which he agreed to plead guilty or nolo contendere to possession of more than four grams but less than 200 grams of methamphetamine. The terms of the agreement provided that punishment was to be assessed at ten years' confinement, to run concurrently with the punishment in two other cases, and imposition of a $1,500 fine. The State agreed to recommend community supervision. The plea agreement further stated:

> All parties understand and agree that the terms, conditions and length of [] community supervision or deferred adjudication are to be determined and assessed solely within the Court's discretion. It is further understood and agreed by the parties that in the event the Court assessed terms, conditions and or a length of supervision . . . different from those agreed to by the parties, that such difference shall not constitute grounds for setting aside the Defendant's plea in this cause.

The flowing statement appears beneath the parties' signatures on the plea bargain form:

> NOTE: The parties are not allowed to make binding agreements regarding the length of community supervision or the terms and conditions of community supervision, which are totally dependent upon the Court's discretion. The following recommendations do not constitute part of the formal plea agreement.

The document then indicates the State recommended the period of community supervision be six years and that appellant be placed in the Treatment Alternative to Incarceration Program.

The trial court found Schoppman guilty, sentenced him to ten years' incarceration, and fined him $1,500. The court suspended imposition of the sentence of confinement and placed Schoppman on community supervision for a period of ten years. The court signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Schoppman filed a motion for new trial and a notice of appeal, asserting the trial court failed to comply with the plea bargain. The clerk's record, which includes the trial court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). The record also appears to support the trial court's certification that Schoppman does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *See* TEX. R. APP. P. 25.2(d). Schoppman is hereby given notice that this appeal will be dismissed unless an amended certification showing he has the right to appeal is made part of the appellate record by **July 22, 2015**. *See* TEX. R. APP. P. 25.2(d); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), disp. on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **order** all appellate deadlines suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of July, 2015.

Keith E. Hottle
Clerk of Court